IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| DEMETRIUS LEON BISHOP, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 03-PT-1137-W |
| WARDEN ARNOLD HOLT; ATTORNEY GENERAL FOR THE STATE OF ALABAMA, | ) |
| Respondents. | ) |

ENTERED

SEP - 7 2004

MEMORANDUM OF OPINION

On August 30, 2004, petitioner filed objections to the Magistrate Judge's Findings and Recommendation. The magistrate judge correctly stated in the Findings and Recommendation that petitioner did not allege that he was actually innocent. In his objections, petitioner alleges that "he's actually innocent of heat of passion manslaughter in which he was found guilty of the lesser included offense by a Tuscaloosa Grand Jury where the victim attempted to 'rob' Bishop and he was only protecting himself from harm." In order to establish a claim of actual innocence sufficient to excuse the untimely filing of the habeas petition, petitioner must show "that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "To be credible, [ ] a claim [of actual innocence] requires a petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory, scientific evidence, trustworthy eye witness accounts or critical physical evidence–that was not presented at trial." Because petitioner has not supported his allegation of actual innocence with any new reliable evidence that was not previously presented at trial, petitioner has failed to satisfy the *Schlup* standard.

The magistrate judge also correctly stated that petitioner did not argue that equitable tolling was appropriate. In his objections, petitioner alleges that the limitation period should be equitably tolled

because appellate counsel failed to file a timely appeal. The appeal and application for rehearing were timely filed. The petition for writ of certiorari was untimely. In any event, counsel's failure to file a timely petition for writ of certiorari following the affirmance of his conviction on direct appeal does not excuse petitioner's failure to timely file his federal habeas petition. Petitioner waited almost five months after the Alabama Supreme Court denied the petition for writ of certiorari following the affirmance of the denial of the Rule 32 petition before filing his federal habeas petition.

Petitioner's objections are due to be overruled. A separate final judgment consistent with this memorandum of opinion will be entered simultaneously herewith.

DONE this the ___7TH___ day of September, 2004.

/s/ Robert B. Propst
ROBERT B. PROPST
UNITED STATES DISTRICT JUDGE